| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) <br><br> **CAMARINOS LAW GROUP, LLC** <br> Michael D. Camarinos, Esq. <br> 411 Hackensack Avenue, 2nd Floor <br> Hackensack, NJ 07601 <br> Telephone: (201) 564-5291 <br> Facsimile:  (800) 509-9734 <br><br> *Attorneys for Debtor John M. Mavroudis* | |
| In re: <br><br> JOHN M. MAVROUDIS <br><br> Debtor. | Case No.: 13-38118 (MBK) <br><br> Chapter 7 <br><br> Hearing Date:  October 31, 2016 <br><br> Judge:  Hon. Michael B. Kaplan <br><br> **ORAL ARGUMENT REQUESTED** |

**CERTIFICATION IN OPPOSITION TO MOTION TO VACATE AUTOMATIC STAY OF SPECIALIZED LOAN SERVICING LLC, AS SERVICING AGENT FOR MOVANT, THE BANK OF NEW YORK MELLON F/K/A/ THE BANK OF NEW YORK, AS TRUSTEE FOR CHL MORTGAGE PASS-THROUGH TRUST 2003-J9**

I, JOHN M. MAVROUDIS, being of full age, hereby certify as follows:

1. I am an attorney-at-law of the State of New Jersey, and the Debtor in the within Bankruptcy.  I am fully familiar with all of the facts and circumstances of the loan serviced by the movant and the property.

2. I make this certification in opposition to the motion of Specialized Loan Servicing LLC, as Servicing Agent for the Bank of New York Mellon, f/k/a/ The Bank of New York, As Trustee for CHL Mortgage Pass-Through Trust 2003-J9 (hereinafter the "Movant").  The property covered by the first mortgage loan in this matter is a free standing luxury condominium unit located at 37A Sun Bowl Ridge Road, Stratton Mountain, Vermont (the "Property").

3. Movant application to vacate the automatic stay should be denied on the basis that, as more particularly hereinafter set forth, as follows:

(a) Movant as first mortgage lien holder and a creditor of the Debtor is adequately protected by the value of the Property;

(b) the Debtor proposes to seek modification of the loan under available federal mortgage loan relief programs such as the Home Affordable Modification Program ("HAMP") or other similar available federal relief provided under the Emergency Economic Stabilization Act of 2008, which would result in Debtor's payment of the claim, which programs are currently set to expire on December 31, 2016;

(c) a denial of the Movant's application at the present time is in the interest of justice in order to avoid a multiplicity of legal actions in different states which will further needlessly burden the Courts and the Debtor;

(d) a denial of the Movant's application at the present time will provide the Debtor with an opportunity to investigate and potentially challenge the unpaid principal balance claimed by the Movant, which, as a consequence of the widely reported fraudulent actions of Countrywide Home Loan Bank and federal regulatory actions, fines and legal precedent, may be the subject significant modification;

(e) Movant has failed to take any action regarding this matter and the Property for a period of more than five (5) years after default, which has permitted the Debtor to address the many other issues in regard to this Bankruptcy. After such an extended delay, Movant should not now be heard

to complain that it will be prejudiced by a six month period to address this matter without resort to expensive litigation in Courts of other jurisdictions.

4.  In regard to paragraph 3(a) above, we submit that the Certification of Amil Mckernan, dated July 28, 2016 (the "McKernan Certification"), at ¶ 1 indicates that the amount claimed to be due to the Movant first mortgagee is **$868,087**[1], which compares favorably and is below the Movant's real estate valuation in the same certification of **$1 Million**.  Movant is not the owner of the second mortgagee which is not a party to this proceeding.  Furthermore, the principal due of the first mortgage is considerably less at **$623,740** with the balances comprising interest and other charges.  *See* ¶ 1 of the McKernan Certification and footnote 1 above.  Accordingly, on the basis of its own appraisal and fair market valuation of the Property, Movant cannot claim to be prejudiced by a delay and denial of the application to vacate the automatic stay in this matter.

5.  In regard to paragraph 3(b) above, the very purpose of the Emergency Economic Stabilization Act of 2008 (the "Emergency Act") was enacted into federal law to provide relief to borrowers such as the Debtor whose properties have dropped in value precipitously due to economic conditions.  At the present time the Emergency Act expires December 31, 2016, which makes quick action regarding this loan even more important. The existing mortgage loans at the Property are the type of "bundled loans" created by Wall Street brokers and Countrywide Home Loan Bank which were sought to be addressed by the Emergency Act.  The denial of the Movant's application is consistent with the intent and purposes of the Emergency Act.

---

1   This total includes a total of $244,347 comprised of interest ($140,234), attorneys fees and costs ($24,514) and escrow advances ($79,599), which may be subject to significant reduction and/or forgiveness of debt under provisions of the Emergency Economic Stabilization Act of 2008 or other Federal Law, thereby further increasing the Movant's security of its lien on the Property.

6. In regard to paragraphs 3(c) and 3(d), all of the actions and proceedings regarding the debtor in this matter were presented to the Courts in the State of New Jersey and were the venue for the resolution of the various claims and controversies. Movant's application would result in commencement of foreclosure proceedings in the State of Vermont which is the location of the Property. Issues regarding the amounts owed by the Debtor under the guaranty of the loans on the Property are still subject to Proof of Claims filed by the lenders on the Property. Any dispute would therefore be logically subject to the venue of the Bankruptcy Court. This potentially causes undue burden and costs on the Trustee in wrapping up the Bankruptcy Estate and also the Debtor, including the large costs associated with a multiplicity of claims and lawsuits in different state jurisdictions.

7. In regard to paragraph 3(e), the Movant and its predecessor servicing agent, Bank of America, have failed to take any action regarding the Property for a period of more than five (5) years after default. During this period of time, I have maintained the Property in good condition and state of repair, and I have paid the utilities, maintenance and other costs associated with the Property. At the suggestion of counsel for the Movant, I contacted the servicing agent for the Movant, Specialized Loan Servicing, LLC, by telephone, at which time I was advised to go online to make formal application for a modification. I am in the process of making such modification, which requires extensive documentation and submissions. In light of the more than five (5) years of inaction by the Movant, I submit that a delay of eight (8) months prior to any further litigation would be beneficial to all of the parties in this action and would avoid undue burden the Trustee, Debtor and the Courts, which would likely be involved in this matter if the same is not resolved within such period of time.

8. The Movant by its own submission to the Court and the certification supporting relief from the automatic stay has propounded an analysis of the Property's "equity cushion" which demonstrates the value of the Property after deducting the Movant's senior secured first mortgage loan ranges from $131,913 ($1 Million less $868,087) and $376,260 ($1 Million less $623,740) *See* paragraph 4 of this Certification. Thus the Movant's lien ***does not*** exceed the stipulated value of the Property and there is sufficient equity to protect the Movant's interest. In such case, the application to lift the automatic stay should be denied and the Debtor should be permitted to engage in meaningful discussions with the Movant concerning the modification of the first mortgage loan without lifting the automatic stay. Nantucket Inv'rs II v. Cal. Fed. Bank (In re Indian Palms Assocs.), 61 F.3d 197 (3d Cir. 1995). On the basis of the McKenna Certification, there van be no dispute that Movant has adequate protection by virtue of its senior mortgage loan position on the Property, which should suffice to meet the Debtor's burden of proof. *Compare* In re Tudor Motor Lodge Assocs. Ltd. P'ship, 102 B.R. 936 (Bankr. D.N.J. 1989).

9. The circumstance in this case, the interests of judicial economy and the manifest federal policy under the Emergency Act provide sufficient grounds for the Court to fashion a remedy which could involve (i) a current denial of the Motion without prejudice, and (ii) the Movant's right to refile its application in eight (8) months in the event the modification of the loan under the Emergency Act or otherwise is unsuccessful. Such relief would permit the parties in good faith to address a modification of the loan without the costly expense of a foreclosure proceeding in Vermont. *See* In re Morysville Body Works, Inc., 86 B.R. 51 (Bankr. E.D. Pa. 1988). Clearly, such a remedy is equitable and within the jurisdiction of the Court especially in

5

view of the adequate protection existing for the Movant by virtue of the equity cushion on the Property.

10. On the basis of the foregoing and in the interests of the proper administration of the issues associated with this Estate, I respectfully submit that the Court should either deny or delay entry of the proposed Order to Vacate the Automatic Stay for a period of eight (8) months pending the resolution of this matter.

I certify that the foregoing statements made by me are true to the best of my knowledge and belief. I recognize that if any statements made by me were to be willfully false, I would be subject to punishment.

Dated: Newark, New Jersey
October 24, 2016

John M. Mavroudis